IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY J. MILLS          *

Plaintiff                 *

v                         *          Civil Action No. JKB-18-132

OFFICER MICHAEL RUBIN, ID #2492    *

Defendant                 *

***

## MEMORANDUM OPINION

Self-represented plaintiff Anthony Mills filed this civil rights complaint on January 11, 2018. He alleges that defendant Officer Rubin, who works for the Prince George's County, Maryland police department, "willfully in an official proceeding made false statements under oath and affirmed the truth of those false statements previously made when the statement is material and he knew the statement not to be true." ECF 1 at p. 1. Mills characterizes the complaint as a request for a court date and for actions to be taken by the State's Attorney's office for charges to be brought against Rubin for racial discrimination, unlawful forgery of documents, unlawful arrest, and obstruction of justice. *Id.* Mills explains that as a result of the alleged illegal conduct by Rubin, he is now incarcerated in the Maryland Division of Correction's Jessup Correctional Institution. *Id.* at p. 2.

To the extent that Mills is seeking an order requiring a State's Attorney's office to pursue criminal charges, this court may not award such relief. Mills has no legally protected interest in the prosecution of others. The Supreme Court said in *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973): "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *See also Banks v. Buchanan*, 336 F. App'x 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley*

*v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012) aff'd, Civ. No. 12-5198, 2012 WL 6603088 (D.C. Cir. Dec. 6, 2012), cert denied, ___ U.S. ___, 133 S. Ct. 1263 (2013); *Speight v. Meehan*, Civ. No. 08-3235, 2008 WL 5188784, at *3 (E.D. Pa. Dec. 9, 2008). In addition, this court does not have mandamus jurisdiction over state employees required to order such an employee to act. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

Even if Mills were granted leave to amend the complaint to seek relief that is available in this court, the complaint must be dismissed without prejudice under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Section 1983 claims impugning the legality of a criminal conviction are not cognizable unless the underlying conviction is reversed. *See also Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (*Heck* precludes claims that necessarily imply the invalidity of the judgment). Mills's claim that Rubin forged evidence against him in his criminal case is a claim that impugns the underlying criminal conviction.

A separate order dismissing the complaint follows.

Dated this 6 day of February, 2018.

FOR THE COURT:

_____
James K. Bredar
Chief Judge